IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEONARD F. BRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:18-03090-CV-RK |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF TREASURY, C/O | ) | |
| BUREAU OF THE FISCAL SERVICE; | ) | |
| AND UNITED STATES OF | ) | |
| AMERICA DEPARTMENT OF | ) | |
| EDUCATION, EDUCATIONAL | ) | |
| CREDIT MANAGEMENT CORP; | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Motion to Dismiss filed by the United States of America ("Defendant"), on behalf of its agencies, the Bureau of the Fiscal Service ("BFS") of the Department of Treasury ("Treasury") and the Department of Education ("DOE"). (Doc. 17.) Defendant seeks an order, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), dismissing Plaintiff's Complaint (docs. 5, 6) because (1) this Court lacks subject matter jurisdiction; and (2) Plaintiff has failed to state a claim upon which relief can be granted. Suggestions in opposition and reply suggestions were filed. (Docs. 18, 19.) After careful consideration and for the reasons below, Defendant's Motion to Dismiss (doc. 17) is **GRANTED**, and this case is **DISMISSED without prejudice**.

**Background**

In his Complaint, filed *pro se*, Plaintiff alleges that on January 1, 2018, "with out[sic] prior notice the United States Department of Treasury, started deducting $252.30 from [P]laintiffs[sic] Social Security benefits. This reduced [P]laintiff's income from $1682 to $1429.70." (Doc. 6 at 1.) Plaintiff attached to his Complaint a letter from BFS dated February 2, 2018, which shows that pursuant to the Treasury Offset Program ("TOP"), BFS applied $252.30 of Plaintiff's Social Security payment to delinquent debts owed by him to the Internal Revenue Service ("IRS") and

1

the DOE.[1]  (Doc. 6 at 4-5.)  Plaintiff also attached a copy of a bank statement which purports to show a February 2, 2018, deposit from Treasury into his account in the amount of $1,177.40. (Doc. at 6.)  Plaintiff claims this offset occurred "without due process of law." (Doc. 5 at 5; Doc. 6 at 2.)  Plaintiff also alleges that "[t]he [DOE] is claiming nonpayment of a student loan whose[sic] statute of limitation ran out under President Georg[sic] W Bush. Before the take over of loans by the Education Department." (Doc. 6 at 2.)  Plaintiff's Complaint seeks the following relief: (1) "return all money taken" (doc. 5 at 5); (2) that the Court "order the defendants to cease all action on [P]laintiff's S.S. benefits" (doc. 6 at 2); and (3) five million dollars in damages.

## Legal Standard

Under Fed. R. Civ. P. 12(b)(1), a court should dismiss a cause of action if the court does not have subject matter jurisdiction over a claim.  *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005).  Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute.  *Rasul v. Bush*, 542 U.S. 466, 489 (2004).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" that would entitle the pleader to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)).

## Discussion

### I.    Plaintiff's requests to return all money taken

Plaintiff asks the Court for the return of all money taken.  Before seeking redress in federal court, a person who wishes to challenge his or her referral to the TOP must first exhaust administrative remedies.  *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012).  Here, there is no evidence in the record to suggest Plaintiff has exhausted his administrative remedies.  Plaintiff has neither plead in his Complaint nor stated in response to Defendant's Motion to Dismiss that Plaintiff has exhausted, or even attempted to exhaust, his administrative remedies.

---

[1] Although the letter indicates an IRS offset of Plaintiff's Social Security benefits, Plaintiff has not named the IRS as a party or made a specific claim against the IRS.  Moreover, the issue of the tax levy against Plaintiff has been adjudicated in *Bright v. United States*, No. 10-3264-CV-S-GAF, 2010 WL 6823657 (W.D. Mo. Dec. 2, 2010), *aff'd* 418 F. App'x 577 (8th Cir. 2010).  Therefore, this Court will not address the issue of the IRS offset.

Because Plaintiff has not exhausted available administrative remedies, the Court lacks subject matter jurisdiction over Plaintiff's claim.[2]

## II. Plaintiff's request for injunctive relief

Plaintiff's request that the Court order Defendant to "cease all action on [P]laintiff's S.S. benefits" amounts to a request for injunctive relief. Plaintiff does not identify any basis for a waiver of sovereign immunity for his request for injunctive relief. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity."), *cert. denied*, 466 U.S. 958 (1984). Defendant, in its brief, identifies the Higher Education Act ("HEA") as a potential basis for a waiver of sovereign immunity. However, as Defendant points out, although the HEA provides a limited waiver of sovereign immunity, it contains an anti-injunction provision. 20 U.S.C. § 1082(a)(2). The HEA, in relevant part, provides that:

> "the Secretary [of the DOE] may – [] sue and be sued in any court of record of a State . . . or in any district court of the United States . . . but no attachment, injunction, garnishment, or other similar process . . . shall be issued against the Secretary . . ."

*Id.*[3] To the extent Plaintiff's seeks injunctive relief, without a waiver of Defendant's sovereign immunity, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

## III. Plaintiff's request for money damages

Plaintiff seeks $5,000,000.00 in damages against BFS and DOE, both federal agencies, for alleged constitutional violations. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Absent a clear and unmistakable waiver, sovereign

---

[2] The Court notes that in the February 2, 2018 letter from BFS that Plaintiff attaches to his Complaint, under the heading "What Should I Do Now?" it states: "If you believe that your payment was applied in error, you would like to resolve your debt, or you have questions about your debt or outstanding balance, contact the agency listed under Who Do I Owe." (Doc. 6 at 4.) Contact information for the DOE is then provided in the letter on the next page. (*Id.* at 5.) In Defendant's brief, it states that "[e]ven at this point, [Plaintiff] could still avail himself of administrative review by [Educational Credit Management Corporation] of his student loan debt, including an administrative hearing." (Doc. 17 at 14-15.)

[3] Similarly, declaratory relief is also not available where declaratory relief would produce the same effect as an injunction. *Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999).

immunity shields the Federal Government and its agencies from suit. *Mitchell*, 445 U.S. at 538; *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Congress has not waived the sovereign immunity of the United States or its agencies for actions for damages alleging violations of an individual's constitutional rights. Compare *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (holding that federal officials may be sued for damages for alleged constitutional violations), with *Meyer*, 510 U.S. at 477-48 (declining to extend *Bivens* and imply a damages action against federal agencies for alleged constitutional violations by the agencies employees), and *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations.")

Plaintiff does not identify any basis for a waiver of sovereign immunity for his action for money damages. *See Holloman*, 708 F.2d at 1401. Defendant, in its brief, identifies the Higher Education Act ("HEA") as a potential basis for a waiver of sovereign immunity. However, as Defendant points out, "although the HEA permits the Secretary of the DOE to be sued in certain circumstances, this waiver of sovereign immunity does not extend to claims for monetary relief payable by the United States Treasury." *De La Mota v. U.S. Dep't of Educ.*, No. 02 CIV. 4276 (LAP), 2003 WL 21919774, at *4 (S.D.N.Y. Aug. 12, 2003) (citation omitted).

To the extent Plaintiff seeks money damages, without a waiver of Defendant's sovereign immunity, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

### IV. Rule 12(b)(6)

Finally, Defendant also argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim because: (1) the BFS's collection of debts owed by Plaintiff to DOE by the TOP is lawful, and (2) there is no statute of limitations precluding the government from offsetting Social Security benefits to collect Plaintiff's defaulted student loan debt. However, because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court need not address Defendant's Rule 12(b)(6) challenge.[4]

---

[4] Even assuming the Court did have jurisdiction to hear Plaintiff's claims, it is well-established that Social Security benefits can be subject to offset under the TOP. 31 U.S.C. § 3716(c)(3)(A)(i); *United States v. Munsey Tr. Co.*, 332 U.S. 234, 239 (1947) ("The government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.'"); *Omegbu v. United States Dep't of Treasury*, 118 F. App'x 989, 990-91 (7th Cir. 2004) (finding that Social Security benefits could

**Conclusion**

Because Plaintiff's Complaint asserts claims over which this Court lacks subject matter jurisdiction, Defendant's Motion to Dismiss (doc. 17) is **GRANTED**, and this case is **DISMISSED without prejudice**. The Clerk's Office is directed to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: October 10, 2018

---

be subject to TOP by virtue of the Debt Collection Improvement Act). In addition, there is no statute of limitations barring DOE's offset of Plaintiff's Social Security benefits to collect on his student loan debt. *Lockhart v. United States*, 546 U.S. 142, 145-46 (2005) (holding that the previous 10-year limit in the Debt Collection Act, 31 U.S.C. § 3716(e)(1), did not bar offsetting Social Security benefits to repay federally-reinsured student loans). Finally, although the Court cannot consider matters outside the pleadings without turning the motion to dismiss into one for summary judgment, the Court notes that the documents submitted by both parties tend to show that Plaintiff received notice of the DOE offset. *See Omegbu*, 118 F. App'x at 990-91 (finding that notice mailed to the Plaintiff-debtor's last known address is sufficient to satisfy due process); *Setlech v. United States*, 816 F. Supp. 161, 162 (E.D.N.Y. 1993) (the Debt Collection Improvement Act's procedural requirements does not require actual notice).